UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

VISUAL IMPACT FILMS CORP. (d/b/a  :
TRANSPACK),                        :
              Plaintiff,          :    **OPINION AND ORDER**
                                 :
v.                                 :    16 CV 355 (VB)
                                 :
ATHALON SPORTGEAR, INC.,          :
              Defendant.         :
--------------------------------------------------------------x

Briccetti, J.:

        Plaintiff Visual Impact Films Corp., doing business as Transpack, sues defendant Athalon

Sportgear, Inc., alleging trade dress infringement under the Lanham Act, 15 U.S.C. § 1125(a),

and unfair competition and deceptive trade practices under New York state law.

        Now pending is defendant's motion to dismiss plaintiff's First Amended Complaint

("FAC") for failure to state a claim under Rule 12(b)(6).  (Doc. #16).

        For the reasons set forth below, the motion is DENIED.

        The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, and 1367.

## BACKGROUND

        In deciding the pending motion, the Court accepts as true all well-pleaded factual

allegations in the FAC and draws all reasonable inferences in plaintiff's favor.

        Plaintiff alleges it developed, promotes, and sells three-sided backpacks having unique

features, including:

    a.     A semi-circular shaped lid at the top of the bag;
    b.     A distinctive v-shaped panel at the front of the bag;
    c.     A rectangular piece of webbing, having a height greater than its width, attached to the aforementioned v-shaped panel;
    d.     Trapezoidal panels of identical shape and size on both sides of the bag, and the panels have a greater height in the back of the bag as compared to the front, so

that the top edges of the panels slope downward from the back of the bag towards the front; and,

e.    Contrast stripes on both sides of the bag that run along the top edge of the trapezoidal panels so that the stripes slope downward from the back of the bag to the front of the bag.

(FAC ¶ 11).  Plaintiff alleges these elements "are, both individually and collectively, merely ornamental and do not serve any functional purpose" and are "not essential to the use, purpose, cost or quality of the backpack."  (FAC ¶¶ 18, 34).  Moreover, plaintiff alleges its purported "[t]rade [d]ress is distinctive and is recognized by consumers as identifying the source of [its] backpacks."  (FAC ¶ 17).  Accordingly, plaintiff argues these elements comprise a protected trade dress under the Lanham Act.

Plaintiff alleges defendant sold similar three-sided backpacks that included the above-mentioned features.  (FAC ¶ 36).

Plaintiff asserts three claims: (i) trade dress infringement in violation of the Lanham Act, 15 U.S.C. § 1125(a); (ii) unfair competition under New York common law; and (iii) deceptive acts or practices in violation of New York General Business Law § 349.  Defendant's motion argues principally that plaintiff failed sufficiently to allege the non-functionality of its asserted trade dress.

## DISCUSSION

I.    <u>Legal Standards</u>

A.    <u>Rule 12(b)(6)</u>

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009).  First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  <u>Id</u>. at 678;

Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Id. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.

B.    Trade Dress

The Lanham Act protects trade dress as an unregistered trademark.  See, e.g., Fun-Damental Too, Ltd. v. Gemmy Indus. Corp., 111 F.3d 993, 999 (2d Cir. 1997).  Trade dress "encompasses the overall design and appearance [of a product or packaging] that make the product identifiable to consumers."  Nora Beverages, Inc. v. Perrier Grp. of Am., Inc., 269 F.3d 114, 118 (2d Cir. 2001).

To assert a claim of trade dress infringement under the Lanham Act, a plaintiff must "(1) offer a precise expression of the character and scope of the claimed trade dress; (2) allege that the claimed trade dress is non-functional; (3) allege that the claimed trade dress has secondary meaning; and (4) allege that there is a likelihood of confusion between the plaintiff's good and the defendant's."  R.F.M.A.S., Inc. v. Mimi So, 619 F. Supp. 2d 39, 75 (S.D.N.Y. 2009) (quotations omitted).

With respect to the second requirement, a purported trade dress "is functional, and cannot serve as a trademark, if it is essential to the use or purpose of the article or if it affects the cost or

quality of the article."  Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 116 (2d Cir. 2001).

Where the alleged trade dress involves "an aesthetic feature, the dress is also functional if the

right to use it exclusively would put competitors at a significant non-reputation-related

disadvantage."  Id. (quotations omitted).

     The Second Circuit requires heightened caution when, as here, a district court considers

whether to grant protection to a product's design, as opposed to its packaging.  See, e.g.,

Landscape Forms, Inc. v. Columbia Cascade Co., 113 F.3d 373, 380 (2d Cir. 1997).[1]

II.    Analysis

     Defendant argues plaintiff "fails to allege how any of the elements comprising the

claimed trade dress are non-functional."  (Doc. #17 at 5).

     The Court disagrees.

     Plaintiff specifically identifies five features of its backpacks comprising its alleged trade

dress.  Plaintiff alleges the purported trade dress and its composite elements "are, both

individually and collectively, merely ornamental and do not serve any functional purpose."

(FAC ¶ 18) (emphases added).  In other words, plaintiff does not simply assert the trade dress

and its composite parts are non-functional; it asserts the trade dress is only ornamental.

Moreover, plaintiff alleges that none of the composite elements is "essential to the use, purpose,

cost or quality of the backpack."  (FAC ¶ 34).  Finally, plaintiff alleges consumers recognize its

distinctive trade dress, which indicates the source of the backpack.  (FAC ¶ 17).

---

[1]    This is because "granting trade dress protection to an ordinary product design would
create a monopoly in the goods themselves."  Id.  Such monopolies risk hampering an otherwise
competitive market and thereby harming consumers.  See, e.g., Wal-Mart Stores, Inc. v. Samara
Bros., Inc., 529 U.S. 205, 213 (2000).  Defendant does not assert that plaintiff failed to clear the
"additional hurdles" for "[a] plaintiff asserting trade dress rights in the design of a product," and,
therefore, the Court will not address them.  Yurman v. PAJ, Inc., 262 F.3d at 115.

Defendant's reliance on <u>ID7D Co. v. Sears Holding Corp.</u>, 2012 WL 1247329 (D. Conn. Apr. 13, 2012), and <u>Eliya, Inc. v. Kohl's Corp.</u>, 2016 WL 929266 (E.D.N.Y. Feb. 22, 2016), <u>report and recommendation adopted,</u> 2016 WL 929321 (E.D.N.Y. Mar. 9, 2016), is misplaced. In those cases, neither of which is binding authority, the plaintiffs described the composite features of their trade dress in terms of their functions or in a manner clearly related to their functions. <u>ID7D Co. v. Sears Holding Corp.</u>, 2012 WL 1247329, at *7; <u>Eliya, Inc. v. Kohl's Corp.</u>, 2016 WL 929266, at *6-7. Here, plaintiff describes its trade dress in terms of aesthetics, not functionality.

Defendant argues that one element of the alleged trade dress – the contrast stripe on each side of the backpack – serves a functional purpose, namely that the stripes are reflective, which is a characteristic plaintiff advertises in its promotional material. But this is not grounds to dismiss the FAC. First, plaintiff's promotional material is not referenced or incorporated in the FAC and therefore is not considered here. Second and more importantly, the Second Circuit has repeatedly rejected this approach; it is "improper for defendants to break the trade dress down into specific elements and call them functional, because [the] claim is that the combination and arrangement of those design elements comprise the trade dress." <u>Cartier Inc. v. Sardell Jewelry, Inc.</u>, 294 F. App'x 615, 620-21 (2d Cir. 2008) (summary order). "Even if individual elements of a trade dress are functional, their arrangement or combination may . . . deserve trade dress protection." <u>Coach, Inc. v. We Care Trading Co.</u>, 67 F. App'x 626, 629 (2d Cir. 2002) (summary order).

Accordingly, the allegations of the FAC are sufficient to survive a motion to dismiss under Rule 12(b)(6).[2]

## CONCLUSION

Defendant's motion to dismiss is DENIED.

The Clerk is instructed to terminate the motion.  (Doc. #16).

Dated: October 27, 2016
      White Plains, NY

SO ORDERED:

_____

Vincent L. Briccetti
United States District Judge

---

[2]    Defendant also argues that, if the Court dismisses the trade dress claim, it should deny plaintiff leave to amend its complaint and decline to exercise supplemental jurisdiction over the state law claims.  Because the motion to dismiss the trade dress claim is denied, these arguments are moot.